UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondents. | Case No. 1:13cv-01789-SKO-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (DOC. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICTAE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

    Petitioner is a prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a writing signed by Petitioner and filed on December 6, 2013 (doc. 5). Pending before the Court is the petition, which was filed on November 1, 2013.

    I.  <u>Screening the Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a

1

preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

> The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

> Here, Petitioner, an inmate of the Corcoran State Prison, is serving a sentence of fifteen years to life plus a determinate term of twenty-four years and eight months imposed by the Kern County

Superior Court on or about April 5, 2011, for commission of kidnaping, carjacking, assault, and firearms offenses with enhancements for conduct related to firearms and street gang activity. (Id. at 11-12, 39.) Petitioner complains not only of errors relating to the trial proceedings that resulted in the judgment pursuant to which Petitioner is now confined, but also some issues that appear to relate to conditions of Petitioner's confinement. (Id. at 11-35.)

II. Subject Matter Jurisdiction

A federal court is a court of limited jurisdiction which has a continuing duty to determine its own subject matter jurisdiction and to dismiss an action where it appears that the Court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)); Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989).

A review of the petition reveals that it is a petition for writ of certiorari that is directed to the United States Supreme Court. The petition is captioned for the United States Supreme Court and is entitled as a petition for writ of certiorari. (Pet., doc. 1, 1, 9.) Petitioner invokes the jurisdiction of the Court pursuant to 28 U.S.C. § 1257(a), which provides for review of state court judgments by the United States Supreme Court pursuant to a writ of certiorari, and he prays for relief in the form of a writ of certiorari. (Id. at 35-36.) Petitioner apparently meant for this document to be filed in the United States Supreme Court, and it was mistakenly filed in this Court. Because this Court lacks jurisdiction over the petition for writ of certiorari, the petition will be dismissed. If

Petitioner seeks certiorari from the Supreme Court, he must file his petition in that Court.

The Court notes that when the petition was filed, Petitioner had pending in this Court another habeas proceeding relating to Petitioner's judgment of conviction, namely, <u>Zane Hubbard v. Corcoran State Prison (4B) SHU</u>, case number 1:13-1758-JLT-HC. In that proceeding, a first amended petition is presently pending. (<u>Id.</u>, doc. 9, 1-7.) Although the petition in the present case seeks relief by way of certiorari, the Court notes that if Petitioner were to seek in the future habeas relief concerning the subject of Petitioner's pending habeas proceeding in this Court, Petitioner should file his documents in the pending habeas action.

### III. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of the

denial of a constitutional right, or (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. at 483-84.

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court will decline to issue a certificate of appealability.

IV.   Disposition

Base on the foregoing, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without prejudice for lack of subject matter jurisdiction; and

2) The Court DECLILNES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action.

IT IS SO ORDERED.

Dated:   **January 2, 2014**                      **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE

5